## KNICKERBOCKER v SHARFENAKER et al

Ohio Appeals, 2nd Dist, Franklin Co

No 2657.   Decided ·Oct 8, 1936

Binns & Tresemer, Columbus, for appellant.

Charles A. Schwenker, Columbus, for appellees.

### OPINION

By BARNES, PJ.

The above entitled cause is now before this court on applicant's application to file a supplemental petition herein. The claim is made that facts material to the case have occurred since the filing of the original petition in the Common Pleas Court. It also appears that the supplemental petition was submitted to the trial court with application to file but was denied. The proffered supplemental petition accompanies the application in this court.

Apparently the cause was submitted in the lower court and was being held under advisement when the application to file the supplemental petition was filed.

The lower court found against the plaintiff, appellant herein, on the merits.

The entry recites the finding was made on the pleadings and evidence and in the same entry the application to file supplemental petition was denied.

The appeal to this court is on a question of law and fact. It may also be characterized as similar to old appeal.

This means the cause is in our court to be heard de novo, and thereby we have ▮▮▮▮▮▮ under the Code the same rights· in permitting amend- ·ments to pleadings, supplemental pleadings and making new parties, as was the right of the trial court.

Of course the amendments or ▮▮▮▮▮▮ supplemental petitions may not present an entirely new action.

About six·or seven years ago the Gibraltor Coal & Coke Company became bankrupt and one Henry Holsher was appointed trustee in bankruptcy for the Coal Company. As such trustee in bankruptcy he recovered a judgment against Edward C. Sharfenaker, one of the defendant appellees in the instant case. Subsequent proceedings were taken by said trustee through execution to satisfy the judgment. The execution was returned 'Nothing found.'

Thereafter on the application of Henry Holsher, trustee in bankruptcy, the present plaintiff and appellant, Glen F. Knickerbocker, was appointed receiver for Edward C. Sharfenaker. The judgment not having been satisfied, Knickerbocker, receiver, filed the present equitable action in the Common Pleas Court seeking to subject certain trust property in the hands of Mary A. Sharfenaker as trustee under the last will and testament of her mother, Katherine Sharfenaker, in which it was claimed that the debtor, Edward C. Sharfenaker was interested as a cestui que trust. A demurrer was filed to the petition which apparently was sustained, but before the same was journalized was overruled on rehearing.

The proffered supplemental petition, among other things, alleges a conspiracy between the children and beneficiaries under the trust aforesaid through which a

386

partition and distribution of the several interests were made, the interest of the debtor, Edward C. Sharfenaker being placed in the name of his wife.

In support of the motion counsel for the appellant filed memoranda in which several court decisions are cited. Counsel for appellee filed memoranda in which his position is very clearly and distinctly stated but no authorities are cited.

We have searched the record and particularly the memoranda of counsel for appellee in support of his demurrer, but again we find no authorities cited.

The law is well established and needs no citation of authorities in support of the proposition that a supplemental petition may not be filed if for any reason its stated claimed facts may not be considered by the court. From the bare statement of counsel as to their position as to why the supplemental petition should not be filed, unaccompanied by any citation of authorities we hesitate to deny to appellant the privilege of filing supplemental petition. However, we want to be understood that in no sense do we preclude the right to further attack the sufficiency of the supplemental petition when filed. Of course the supplemental petition when filed will bring in new parties and they, as well as the original parties will have their day in court to further question the supplemental petition in any manner which to them may seem proper.

The question is somewhat new and novel and we invite a very full discussion by counsel through their briefs if it should be desired to attack the supplemental petition in any manner.

Appellant will be accorded the right to file a supplemental petition making new parties defendant and service of summons may issue as prayed for. Entry may be drawn accordingly.

Exceptions will be allowed to the appellees.

HORNBECK and BODEY, JJ, concur.